**Yuri BADALYAN; Dunya Aslanyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided May 24, 2006.

Reynold E. Finnegan, Esq., Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Christopher C. Wang, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: HAWKINS and PAEZ, Circuit Judges, and WAKE,* District Judge.

MEMORANDUM **

Yuri Badalyan ("Badalyan"), a native of Azerbaijan and citizen of Armenia, and his wife, Dunya Aslanyan ("Aslanyan"), petition for review of a Board of Immigration Appeals's ("BIA") decision affirming an immigration judge's ("IJ") denial of their application for asylum, withholding, and CAT relief. Badalyan claims that he suffered threats, beatings, detention, and the loss of his business because of his family's involvement in a political opposition group. The BIA denied relief, finding Badalyan incredible because of discrepancies between his testimony and that of his son. We grant the petition for review and remand for further proceedings.

Minor inconsistencies that do not go to the heart of a petitioner's fear of persecution are invalid grounds for an adverse credibility determination. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). Here, the BIA's adverse credibility determination was based on minor inconsistencies concerning the location and regularity of party meetings, and whether or where Badalyan's son spoke at political meetings. Badalyan's claim for relief, however, is premised on persecution unrelated to both the scope of his party participation and the actuality or location of his son's speeches. Because these discrepancies are not material to Badalyan's fear of persecution and do not go to the heart of his claim, the adverse credibility finding is not supported by substantial evidence. *Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir.2003).

Having reversed the BIA's adverse credibility determination, we grant review and remand to the BIA, pursuant to *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), for the agency to make a merits determination taking Badalyan's testimony as true.

* Honorable Neil V. Wake, United States District Judge for the District of Arizona, sitting by designation.

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.